Per Curiam.

As the defendant charged the plaintiff with false swearing only, which does not necessarily imply perjury,[1] it was proper that the jury should have considered whether the words spoken had relation to facts immaterial to the inquiry before the referees, of which a false account under oath would not constitute' the crime of perjury.[1] There seems to have been an inadvertence in drawing up the report. According to the recollection of the judge who tried the case, there was no direct motion to introduce the evidence under the general issue, but to have the evidence introduced under the special pleas applied to the general issue. It should seem that the jury may *42 have thought they had no right to consider under the general issue the evidence which was received to support the special pleas. The report might perhaps be amended at the discretion of the judge, but under the circumstances we think it proper to grant a new trial.

 A charge of false swearing is actionable, where it necessarily conveys to the mind of the hearer an imputation of perjury; otherwise not. Sherwood v. Chase, 11 Wendell, 38. See Hopkins v. Beedle, 1 Caines’s R. 347; Crookshank v. Gray, 20 Johns. R. 344; Dayton v. Rockwell, 11 Wendell, 140; Pratt v. Price, 11 Wendell, 127; Gilman v. Lowell, 8 Wendell, 573.

 See State v. Hathaway, 2 Nott & M'Cord. 118; Wilson v. Nations, 5 Verger, 211.